1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

David A. Selden (#007499)
Julie A. Pace (#014585)
Heidi Nunn-Gilman (#023971)
**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**
3300 North Central Avenue, Suite 1800
Phoenix, Arizona 85012-2518
Telephone:  602-798-5477
Fax:  602-998-3251
Email: seldend@ballardspahr.com
         pacej@ballardspahr.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

ARIZONA CONTRACTORS
ASSOCIATION, INC., an Arizona non-
profit corporation, ARIZONA
EMPLOYERS FOR IMMIGRATION
REFORM, INC., an Arizona non-profit
corporation, CHAMBER OF
COMMERCE OF THE UNITED
STATES OF AMERICA, a Washington
D.C. non-profit corporation, ARIZONA
CHAMBER OF COMMERCE, an
Arizona non-profit corporation,
ARIZONA HISPANIC CHAMBER OF
COMMERCE, INC., an Arizona non-
profit corporation, ARIZONA FARM
BUREAU FEDERATION, an Arizona
non-profit corporation, ARIZONA
RESTAURANT AND HOSPITALITY
ASSOCIATION, an Arizona non-profit
corporation, ASSOCIATED
MINORITY CONTRACTORS OF
AMERICA, an Arizona non-profit
limited liability company; ARIZONA
ROOFING CONTRACTORS
ASSOCIATION, an Arizona non-profit
corporation, NATIONAL ROOFING
CONTRACTORS' ASSOCIATION, an
Illinois not-for-profit corporation,
WAKE UP ARIZONA! INC., an
Arizona non-profit corporation, and
ARIZONA LANDSCAPE
CONTRACTORS ASSOCIATION,
INC., an Arizona non-profit corporation.

                    Plaintiffs,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

**COMPLAINT**

**1. Violation of Procedural Due
   Process under U.S. Constitution**
**2. Violation of Procedural Due
   Process under Arizona
   Constitution**
**3. Violation of Commerce Clause
   of U.S. Constitution**
**4. Violation of Supremacy Clause
   of U.S. Constitution/Federal
   Pre-Emption**
**5. Violation of Separation of
   Powers of Arizona Constitution**
**6. Violation of Fourth Amendment
   of U.S. Constitution**

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

1  v.                                        )
                                             )
2  CRISS CANDELARIA, Apache County           )
   Attorney, ED RHEINHEIMER, Cochise         )
3  County Attorney, TERENCE C.               )
   HANER, Coconino County Attorney,          )
4  DAISY FLORES, Gila County Attorney,        )
   KENNY ANGLE, Graham County                )
5  Attorney, DEREK D. RAPIER, Greenlee       )
   County Attorney, MARTIN                   )
6  BRANNAN, LaPaz County Attorney,           )
   ANDREW P. THOMAS, Maricopa                )
7  County Attorney, MATTHEW J.               )
   SMITH, Mohave County Attorney,            )
8  JAMES CURRIER, Navajo County              )
   Attorney, BARBARA LAWALL, Pima            )
9  County Attorney, JAMES P. WALSH,          )
   Pinal County Attorney, GEORGE             )
10 SILVA, Santa Cruz County Attorney,        )
   SHEILA POLK, Yavapai County               )
11 Attorney, JON SMITH, Yuma  County         )
   Attorney, TERRY GODDARD,                  )
12 Attorney General of the State of          )
   Arizona, and FIDELIS V. GARCIA,           )
13 Director of the Arizona Registrar of      )
   Contractors,                              )
14                                           )
                    Defendants.              )
15 ─────────────────────────────────────────

16        For their Complaint against CRISS CANDELARIA, Apache County Attorney,

17 ED RHEINHEIMER, Cochise County Attorney, TERENCE C. HANER, Coconino

18 County Attorney, DAISY FLORES, Gila County Attorney, KENNY ANGLE,

19 Graham County Attorney, DEREK D. RAPIER, Greenlee County Attorney,

20 MARTIN BRANNAN, LaPaz County Attorney, ANDREW P. THOMAS, Maricopa

21 County Attorney, MATTHEW J. SMITH, Mohave County Attorney, JAMES

22 CURRIER, Navajo County Attorney, BARBARA LAWALL, Pima  County Attorney,

23 JAMES P. WALSH, Pinal County Attorney, GEORGE SILVA, Santa Cruz County

24 Attorney, SHEILA POLK, Yavapai County Attorney, JON SMITH, Yuma  County

25 Attorney, the HONORABLE TERRY GODDARD, Attorney General of the State of

26 Arizona, (the "State"), and FIDELIS V. GARCIA, Director, Arizona Registrar of

27 Contractors, Plaintiffs the Arizona Contractors Association, Inc. ("Arizona

28 Contractors Association"), Arizona Employers for Immigration Reform, Inc.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

2

("AZEIR"), Chamber of Commerce of the United States of America ("U.S. Chamber of Commerce"), Arizona Chamber of Commerce, Arizona Hispanic Chamber of Commerce, Inc. ("Arizona Hispanic Chamber of Commerce"), Arizona Farm Bureau Federation ("Arizona Farm Bureau"), Arizona Restaurant and Hospitality Association, Associated Minority Contractors of America ("Associated Minority Contractors"), Arizona Roofing Contractors Association, the National Roofing Contractors' Association ("National Roofing Contractors' Association"), Wake Up Arizona! Inc. ("Wake Up Arizona!"), and the Arizona Landscape Contractors Association, Inc. ("Arizona Landscaping Contractors Association"), (hereinafter collectively referred to as "Plaintiffs") allege as follows:

## SUMMARY

1.     Plaintiffs bring this case to uphold and to prevent violations of the Constitution of the United States, the laws of the United States, and the Constitution of the State of Arizona.

2.     On July 2, 2007, the Honorable Janet Napolitano, the Governor of Arizona, signed into law HB 2779, a bill passed by the Arizona Legislature on June 20, 2007, codified in relevant part at A.R.S. § 23-211 to 23-214 (hereinafter the "Legal Arizona Workers Act").

3.     The Legal Arizona Workers Act violates the United States and Arizona Constitutions and is preempted by federal law.

4.     The Legal Arizona Workers Act deprives Plaintiffs and others of property without due process of law.

5.     The Legal Arizona Workers Act regulates and interferes with interstate commerce.

6.     The Legal Arizona Workers Act violates the Supremacy Clause because it conflicts with and is preempted by federal law.

7.     The Legal Arizona Workers Act violates the separation of powers doctrine of the Arizona Constitution.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

DMWEST #6591059 v2

8.      Plaintiffs seek and are entitled to a declaratory judgment and a preliminary and permanent injunction to declare the Legal Arizona Workers Act unconstitutional and illegal and to enjoin the County Attorneys and the Attorney General from enforcing the Legal Arizona Workers Act.

## PARTIES, JURISDICTION AND VENUE.

9.      Plaintiff the Arizona Contractors Association is a non profit corporation incorporated under the laws of the State of Arizona, with its principal place of business located in the State of Arizona.

10.      The Arizona Contractors Association is an employer that employs employees in the State of Arizona.  It transacts business in Arizona and holds what are deemed to be licenses under A.R.S. § 23-211(7).

11.      The Arizona Contractors Association is an association of members ("Arizona Contractors Association Members").  Arizona Contractors Association Members employ employees in the State of Arizona, transact business in Arizona, and hold licenses and permits from the State and/or its political subdivisions.

12.      The Arizona Contractors Association serves as a public policy advocate on behalf of its members and urges the Arizona Legislature and Executive Branch agencies to adopt and implement policies that promote a favorable legal and business climate in Arizona for the benefit of its members.

13.      Plaintiff AZEIR is a non profit corporation incorporated under the laws of the State of Arizona, with its principal place of business located in the State of Arizona.

14.      AZEIR is an association of members ("AZEIR Members").  AZEIR Members employ employees in the State of Arizona, transact business in Arizona, and hold licenses and permits from the State and/or its political subdivisions.

15.      AZEIR serves as a public policy advocate on behalf of its members and urges the Arizona Legislature and Executive Branch agencies to adopt and implement

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

DMWEST #6591059 v2

policies that promote a favorable legal and business climate in Arizona for the benefit of its members.

16.    Plaintiff the U.S. Chamber of Commerce is a non profit corporation incorporated under the laws of the District of Columbia with its principal place of business located in Washington D.C.

17.    The U.S. Chamber of Commerce is the world's largest federation of businesses, professional organizations, and state and local chambers of commerce. The U.S. Chamber of Commerce represents an underlying membership of more than three million businesses and organizations of every size in every industrial sector and geographic region of the country, including Arizona, and its members transact business in Arizona and hold what are deemed to be licenses under A.R.S. § 23-211(7).

18.    The U. S. Chamber of Commerce membership includes associations, chambers of commerce and direct business members.  The U. S. Chamber of Commerce serves as a public policy advocate on behalf of its members.  It advocates the interests of the business community, including advocating the interests of its members in courts across the nation in cases involving issues of national concern to American businesses.

19.    The U.S. Chamber of Commerce has also been involved heavily in efforts to seek to achieve federal immigration legislation and laws that are uniform, fair, and appropriate to the needs of businesses.

20.    Plaintiff the Arizona Chamber of Commerce is a non profit corporation incorporated under the laws of the State of Arizona, with its principal place of business located in the State of Arizona.

21.    The Arizona Chamber of Commerce employ employees in the State of Arizona, transact business in Arizona, and holds what are deemed to be licenses under A.R.S. §  23-211(7).

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

5

22.     The Arizona Chamber of Commerce is an association of members ("Arizona Chamber of Commerce Members").   Arizona Chamber of Commerce Members employ employees in the State of Arizona, transact business in Arizona, and hold licenses and permits from the State an/or its political subdivision.

23.     Arizona Chamber of Commerce Members employ employees in the State of Arizona, transact business in Arizona, and hold licenses and permits from the State and/or its political subdivisions.

24.     The Arizona Chamber of Commerce serves as a public policy advocate on behalf of its members and urges the Arizona Legislature and Executive Branch agencies to adopt and implement policies that promote a favorable legal and business climate in Arizona for the benefit of its members.

25.     Plaintiff the Arizona Hispanic Chamber of Commerce is a non profit corporation incorporated under the laws of the State of Arizona, with its principal place of business located in the State of Arizona.

26.     The Arizona Hispanic Chamber of Commerce is an employer that employs employees in the State of Arizona.  It transacts business in Arizona and holds what are deemed to be licenses under A.R.S. §  23-211(7).

27.     The Arizona Hispanic Chamber of Commerce is an association of members ("Arizona Hispanic Chamber of Commerce Members").  Arizona Hispanic Chamber of Commerce Members employ employees in the State of Arizona, transact business in Arizona, and hold licenses and permits from the State and/or its political subdivisions.

28.     The Arizona Hispanic Chamber of Commerce serves as a public policy advocate on behalf of its members and urges the Arizona Legislature and Executive Branch agencies to adopt and implement policies that promote a favorable legal and business climate in Arizona for the benefit of its members.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

DMWEST #6591059 v2

29. Plaintiff the Arizona Farm Bureau is a non profit corporation incorporated under the laws of the State of Arizona, with its principal place of business located in the State of Arizona.

30. The Arizona Farm Bureau is an employer that employs employees in the State of Arizona.  It transacts business in Arizona and holds what are deemed to be licenses under A.R.S. §  23-211(7).

31. The Arizona Farm Bureau is an association of members ("Arizona Farm Bureau Members").  Arizona Farm Bureau members employ employees in the State of Arizona, transact business in Arizona, and hold licenses and permits from the State and/or its political subdivisions.

32. The Arizona Farm Bureau serves as a public policy advocate on behalf of its members and urges the Arizona Legislature and Executive Branch agencies to adopt and implement policies that promote a favorable legal and business climate in Arizona for the benefit of its members.

33. Plaintiff the Arizona Restaurant and Hospitality Association is a non profit corporation incorporated under the laws of the State of Arizona, with its principal place of business located in the State of Arizona.

34. The Arizona Restaurant and Hospitality Association is an employer that employs employees in the State of Arizona.  It transacts business in Arizona and holds what are deemed to be licenses under A.R.S. §  23-211(7).

35. The Arizona Restaurant and Hospitality Association is an association of members ("Arizona Restaurant and Hospitality Association Members").  The Arizona Restaurant and Hospitality Association Members employ employees in the State of Arizona, transact business in Arizona, and hold licenses and permits from the State and/or its political subdivisions.

36. The Arizona Restaurant and Hospitality Association serves as a public policy advocate on behalf of its members and urges the Arizona Legislature and

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

7

1  Executive Branch agencies to adopt and implement policies that promote a favorable

2  legal and business climate in Arizona for the benefit of its members.

3      37.    Plaintiff the Associated Minority Contractors is a non profit corporation

4  incorporated under the laws of the State of Arizona, with its principal place of

5  business located in the State of Arizona.

6      38.    Associated Minority Contractors is an employer that employs

7  employees in the State of Arizona.  It transacts business in Arizona and holds what are

8  deemed to be licenses under A.R.S. §  23-211(7).

9      39.    Associated Minority Contractors is an association of members

10  ("Associated Minority Contractors Members").  Associated Minority Contractors

11  Members employ employees in the State of Arizona, transact business in Arizona, and

12  hold licenses and permits from the State and/or its political subdivisions.

13      40.    Associated Minority Contractors serves as a public policy advocate on

14  behalf of its members and urges the Arizona Legislature and Executive Branch

15  agencies to adopt and implement policies that promote a favorable legal and business

16  climate in Arizona for the benefit of its members.

17      41.    Plaintiff the Arizona Roofing Contractors Association is a non profit

18  corporation incorporated under the laws of the State of Arizona, with its principal

19  place of business located in the State of Arizona.

20      42.    The Arizona Roofing Contractors Association is an employer that

21  employs employees in the State of Arizona.  It transacts business in Arizona and holds

22  what are deemed to be licenses under A.R.S. §  23-211(7).

23      43.    The Arizona Roofing Contractors Association is an association of

24  members ("Arizona Roofing Contractors Association Members").  Arizona Roofing

25  Contractors Association Members employ employees in the State of Arizona, transact

26  business in Arizona, and hold licenses and permits from the State and/or its political

27  subdivisions.

28

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

8

44.     The Arizona Roofing Contractors Association serves as a public policy advocate on behalf of its members and urges the Arizona Legislature and Executive Branch agencies to adopt and implement policies that promote a favorable legal and business climate in Arizona for the benefit of its members.

45.     Plaintiff the National Roofing Contractors' Association is a not for profit corporation incorporated under the laws of the State of Illinois, with its principal place of business located in the State of Illinois.

46.     The National Roofing Contractors' Association is an association of roofing, roof deck, and waterproofing contactors, industry-related associate members, including manufacturers, distributors, architects, engineers, and others.  The National Roofing Contractors' Association has more than 4,600 members from all 50 states and 54 countries and is affiliated with 105 local, state, regional and international roofing contractor associates.  Its members transact business in Arizona and hold what are deemed to be licenses under A.R.S. § 23-211(7).

47.     The National Roofing Contractors' Association serves as a public policy advocate on behalf of its members.

48.     Plaintiff Wake Up Arizona! is a non profit corporation incorporated under the laws of the State of Arizona, with its principal place of business located in the State of Arizona.

49.     Wake Up Arizona! Transacts business in Arizona and holds what are deemed to be licenses under A.R.S. § 23-211(7).

50.     Wake Up Arizona! is an association of members ("Wake Up Arizona! Members").  Wake Up Arizona! Members employ employees in the State of Arizona, transact business in Arizona, and hold licenses and permits from the State and/or its political subdivisions.

51.     Wake Up Arizona! serves as a public policy advocate on behalf of its members and urges the Arizona Legislature and Executive Branch agencies to adopt

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

9

and implement policies that promote a favorable legal and business climate in Arizona for the benefit of its members.

52.     Plaintiff the Arizona Landscape Contractors Association is a non profit corporation incorporated under the laws of the State of Arizona, with its principal place of business located in the State of Arizona.

53.     The Arizona Landscape Contractors Association is an employer that employs employees in the State of Arizona.  It transacts business in Arizona and holds what are deemed to be licenses under A.R.S. §  23-211(7).

54.     The Arizona Landscape Contractors Association is an association of members ("Arizona Landscape Contractors Association Members").  The Arizona Landscape Contractors Association Members employ employees in the State of Arizona, transact business in Arizona, and hold licenses and permits from the State and/or its political subdivisions.

55.     The Arizona Landscape Contractors Association serves as a public policy advocate on behalf of its members and urges the Arizona Legislature and Executive Branch agencies to adopt and implement policies that promote a favorable legal and business climate in Arizona for the benefit of its members.

56.     Defendant Criss Candelaria is the County Attorney for Apache County, Arizona.  He is named herein as a Defendant in his capacity as County Attorney.

57.     Defendant Ed Rheinheimer is the County Attorney for Cochise County, Arizona.  He is named herein as a Defendant in his capacity as County Attorney.

58.     Defendant Terence C. Hance is the County Attorney for Coconino County, Arizona.   He is named herein as a Defendant in his capacity as County Attorney.

59.     Defendant Daisy Flores is the County Attorney for Gila County, Arizona.  She is named herein as a Defendant in her capacity as County Attorney.

60.     Defendant Kenny Angle is the County Attorney for Graham County, Arizona.  He is named herein as a Defendant in his capacity as County Attorney.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

10

61.     Defendant Derek D. Rapier is the County Attorney for Greenlee County, Arizona.   He is named herein as a Defendant in his capacity as County Attorney.

62.     Defendant Martin Brannan is the County Attorney for LaPaz County, Arizona.  He is named herein as a Defendant in his capacity as County Attorney.

63.     Defendant Andrew Thomas is the County Attorney for Maricopa County, Arizona.   He is named herein as a Defendant in his capacity as County Attorney.

64.     Defendant Andrew Thomas has entered into an agreement with the Maricopa County Sheriff, Joe Arpaio, under which Thomas has delegated to the Sheriff's office certain investigation and enforcement authority that was conferred upon Thomas in the Legal Arizona Workers Act.  The actions of the Maricopa County Sheriff's office in enforcing the Legal Arizona Workers Act are therefore conducted as an agent of Thomas and Thomas is liable for such actions.

65.     Defendant Matthew J. Smith is the County Attorney for Mohave County, Arizona.   He is named herein as a Defendant in his capacity as County Attorney.

66.     Defendant James Currier is the County Attorney for Navajo County, Arizona.  He is named herein as a Defendant in his capacity as County Attorney.

67.     Defendant Barbara LaWall is the County Attorney for Pima County, Arizona.  She is named herein as a Defendant in her capacity as County Attorney.

68.     Defendant James P. Walsh is the County Attorney for Pinal County, Arizona.  He is named herein as a Defendant in his capacity as County Attorney.

69.     Defendant George Silva is the County Attorney for Santa Cruz County, Arizona.  He is named herein as a Defendant in his capacity as County Attorney.

70.     Defendant Sheila Polk is the County Attorney for Yavapai County, Arizona.  She is named herein as a Defendant in her capacity as County Attorney.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

71.   Defendant Jon Smith is the County Attorney for Yuma County, Arizona.  He is named herein as a Defendant in his capacity as County Attorney.

72.   Defendant Terry Goddard is the Attorney General of the State of Arizona (the "Attorney General").  He is named herein as a Defendant in his capacity as Attorney General.

73.   Defendant Fidelis V. Garcia is the Director of the Arizona Registrar of Contractors.  He is named herein as a Defendant in his capacity as Director of the Arizona Registrar of Contractors.

74.   Each Plaintiff and the members of each Plaintiff are affected by the actions of the State of Arizona in enacting into law the Legal Arizona Workers Act.

75.   Each Plaintiff has standing to sue in this action.

76.   The Due Process, Commerce Clause, and Supremacy/Preemption claims of Plaintiffs arise under the Constitution and laws of the United States.  As a result, Plaintiffs have a right to sue arising under 42 U.S.C. § 1983.

77.   This Court has jurisdiction over the Due Process, Commerce Clause and Supremacy Clause/Preemption claims of Plaintiffs pursuant to 28 U.S.C. §§ 1331 and 1343 because they arise under the Constitution and laws of the United States.

78.   This Court has jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

79.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

80.   Pursuant to 28 U.S.C. §§ 2201-2202, the Court may issue a declaratory judgment and further necessary or proper relief.

**ALLEGATIONS COMMON TO ALL CLAIMS**

81.   On July 2, 2007, the Honorable Janet Napolitano, the Governor of Arizona, signed into law HB 2779, a bill passed by the Arizona Legislature on June 20, 2007, known as the Legal Arizona Workers Act, codified in relevant part at A.R.S. § 23-211 to 23-214.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

12

82.    A.R.S. § 23-212(A) prohibits employers from "knowingly" or "intentionally" employing an unauthorized alien.

83.    A.R.S. § 23-212(B) requires the Arizona Attorney General and the County Attorneys of the several counties in Arizona to investigate all complaints that an employer is knowingly or intentionally employing an unauthorized alien.

84.    A.R.S. § 23-212(B)-(C) requires County Attorneys to prosecute all complaints that are considered to be "not frivolous."

85.    When investigating complaints pursuant to A.R.S. § 23-212(B), the County Attorneys or the Attorney General must verify an individual's work authorization exclusively by communicating with the federal government pursuant to 8 U.S.C. § 1373(c).

86.    The County Attorneys take an oath of office and are to faithfully uphold and enforce the law.

87.    Under the Legal Arizona Workers Act, effective January 1, 2008, employers that are deemed to have "knowingly" or "intentionally" hired unauthorized aliens may have their business licenses suspended for a first violation of A.R.S. § 23-212(A) and permanently revoked for a second violation of A.R.S. § 23-212(A).

88.    A.R.S. § 23-214 requires that after December 31, 2007, every employer must verify the employment eligibility of employees through the federal government's otherwise voluntary E-Verify Program.

89.    In order to enroll in E-Verify, Arizona employers must access E-Verify through a computer and the use of the Internet.

90.    Some of Plaintiffs' members are small businesses that do not own a computer and do not have Internet access to be able to use E-Verify at their business.

91.    One or more of Plaintiffs' Members have already incurred expenses to come into compliance with the Legal Arizona Workers Act's requirements that employers use E-Verify, including training, equipment, outsourcing the E-Verify process and other expenses.

13

92.     Using E-Verify impose burdens on employers, including Plaintiffs and their members.  These include the costs for the equipment necessary to use E-Verify and the staff time necessary for training and using E-Verify.

93.     The annual operating costs for E-Verify is $1,800.

94.     Arizona Contractors Association Members, Associated Minority Contractors Members, Arizona Roofing Contractors Association Members, National Roofing Contractors' Association Members and some of the other Plaintiffs' members are contractors that hold contractors licenses from the State of Arizona.

95.     Pursuant to A.R.S. § 32-1154(a)(12), the failure of a contractor to comply with any labor law of the state government is grounds for revocation or suspension of the Plaintiffs' Members' contractors license.  The failure to use E-Verify as required by the Legal Arizona Workers Act would constitute the failure to comply with a labor law.

96.     On information and belief, County Attorney Criss Candelaria has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

97.     On information and belief, County Attorney Ed Rheinheimer has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

98.     On information and belief, County Attorney Terence Hance has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

99.     On information and belief, County Attorney Daisy Flores has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

100.    On information and belief, County Attorney Kenny Angle has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

14

101.   On information and belief, County Attorney Derek Rapier has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

102.   On information and belief, County Attorney Martin Brannan has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

103.   On information and belief, County Attorney Andrew Thomas has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

104.   On information and belief, the Maricopa County Sheriff's Office with whom Maricopa County Attorney Andrew Thomas has signed an agreement that the Sheriff would help investigate complaints pursuant to the Legal Arizona Workers Act, has already received complaints that one or more Plaintiffs or one or more of Plaintiffs members is employing an unauthorized alien.

105.   On information and belief, County Attorney Matthew J. Smith has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

106.   On information and belief, County Attorney James Currier has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

107.   On information and belief, County Attorney Barbara LaWall has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

108.   On information and belief, County Attorney James P. Walsh has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

15

109.   On information and belief, County Attorney George Silva has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

110.   On information and belief, County Attorney Sheila Polk has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

111.   On information and belief, County Attorney Jon Smith has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

112.   On information and belief, Attorney General Terry Goddard has already received complaints that one or more Plaintiffs or one or more of Plaintiffs' members is employing an unauthorized alien.

113.   On information and belief, Defendants intend to fully and faithfully prosecute the law and violations of the Legal Arizona Workers Act.

114.   On information and belief, one or more Defendants intend to investigate and prosecute one or more of Plaintiffs' members after January 1, 2008.

115.   At least one member of one of the Plaintiff associations employs an undocumented worker, intends not to comply with the Legal  Arizona Workers Act and has been threatened with prosecution by the office of the Maricopa County Sheriff and Maricopa  County Attorney.

116.   At least one member of one of the Plaintiff associations has received a voicemail message from a caller identifying himself as being with the Maricopa County Sheriff's office Illegal Immigration Task Force.  The caller communicated that the Sheriff's office had received complaints about the employer hiring undocumented workers.  The call was part of the investigation and enforcement activities pursuant to the Legal Arizona Workers Act.  As previously alleged, any such actions by the Maricopa County Sheriff's office were conducted under the

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

16

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

1 authority and as an agent of Defendant Andrew Thomas, County Attorney of
2 Maricopa County.

3     117. Defendant Thomas, Maricopa County Attorney, has begun enforcement
4 activities pursuant to the Arizona Legal Workers Act.

5     118. The enforcement activities by Defendant Thomas include receiving
6 complaints and preparing to or actually beginning to investigate those complaints.

7     119. The enforcement activities of Defendant Thomas include preparations
8 to bring claims against employers pursuant to A.R.S. § 23-212.

9     120. The enforcement activities of Defendant Thomas include preparations to
10 investigate and bring claims against Plaintiffs and their members.

11     121. Plaintiffs are entitled to injunctive relief. They have a strong likelihood
12 of success on the merits and will suffer irreparable harm if the Legal Arizona Workers
13 Act is not enjoined and is enforced against employers in Arizona, including Plaintiffs.

14     122. Plaintiffs will suffer irreparable harm as a result of the potential
15 enforcement of the Legal Arizona Workers Act, as a result of the legal uncertainty
16 that they face due to the Legal Arizona Workers Act's vagueness and its provisions
17 that conflict with other laws and the Constitution.

18     123. Plaintiffs are entitled to recover the costs and attorneys' fees of bringing
19 this suit pursuant to 42 U.S.C.§ 1988.

20 **FIRST CLAIM FOR RELIEF**

21 **VIOLATION OF PROCEDURAL DUE PROCESS GUARANTEES UNDER
22 THE U.S. CONSTITUTION**

23     124. Plaintiffs hereby incorporate by this reference all allegations of the
24 preceding paragraphs of this Complaint, as if fully set forth herein.

25     125. Under the Fourteenth Amendment to the U.S. Constitution, state and
26 local governments are prohibited from depriving any person of property without due
27 process of law.

28

17

DMWEST #6591059 v2

126.   Corporations, including Plaintiffs and their members, are persons entitled to due process.

127.   Licenses or permits from the State of Arizona and/or its political subdivisions are property interests that are subject to the due process protections of the Fourteenth Amendment to the U.S. Constitution.

128.   The County Attorneys, the Attorney General, the State of Arizona and its political subdivisions and other public officials are prohibited by the Fourteenth Amendment from suspending or revoking business licenses or permits unless the State or its political subdivisions provide due process of law to the holder of the license or permit.

129.   Due process of law requires, at a minimum, that before any person, whether an individual, corporation or other business entity, may be deprived of a license or permit, the State must provide:

(a)   Notice and a reasonable definite statement of the charges or matters at issue.

(b)   Notice of the time and place of a hearing.

(c)   The right to produce witnesses at a hearing.

(d)   The right to examine witnesses at a hearing.

(e)   The right to a full consideration and determination of the issues based on the evidence.

130.   The Legal Arizona Workers Act does not provide Plaintiffs, their members, or other employers with due process before the State may deprive them of property interests.

131.   In contrast to the Legal Arizona Workers Act, federal immigration law contains provisions to provide due process rights to employers.   Under federal immigration law, before an employer is found to have violated the law, the employer is provided the following due process rights:

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

18

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

(a)     A signed, written complaint must be filed with sufficient information to identify the complainant and the potential violator, including names and addresses.

(b)     The federal government investigates only those complaints "which, on their face, have a substantial probability of validity." 8 U.S.C. § 1324a(c)(1)(B).

(c)     After investigation the federal government may issue a Warning Notice or Notice of Intent to Fine.

(d)     The Notice of Intent to Fine must include the basis for the charges, the statutory provisions alleged to have been violated, and the penalty to be imposed.

(e)     The Notice of Intent to Fine must also notify the employer of its rights, including the right to counsel, that any statement may be used against the employer, and the employer's right to a hearing.

(f)     The respondent employer has a right to request a hearing before a federal administrative law judge.   8 C.F.R. § 274a.9(e) and 8 U.S.C. § 1324a(e)(3).

(g)     The employer has the right to an evidentiary hearing, with appellate review, as is customary in other federal administrative/adjudicative proceedings.

(h)     At the hearing, the employer has the right to present evidence and to cross-examine witnesses regarding the evidence presented against it.

132.   Under the Legal Arizona Workers Act, Plaintiffs, their members, and other employers will not be provided any of the due process rights of federal law set forth in the preceding paragraph.

133.   Under the Legal Arizona Workers Act, Plaintiffs, their members and other employers will be subject to an enforcement scheme that includes the following:

19

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

(a)     Complaints may be initiated by any person without a signed written complaint, without any standards, without any requirements for the identification of the person(s) who is accused of not being authorized to work in this country, without any disclosure or identification of the basis for the allegation that an employee is not authorized to work, and without any requirement that any basis for the allegation must exist before an investigation must be initiated.

(b)     Complaints may be initiated based solely on or primarily on race, national origin, language ability or characteristics, accent, physical appearance, clothing characteristic of an ethnic group, religious attire, racial or ethnic prejudice or other unlawful factors.

(c)     Complaints may be initiated for reasons unrelated to the enforcement of immigration laws.

(d)     The Attorney General and County Attorneys are compelled to investigate all complaints regardless of the lack of any basis for the complaint.

(e)     The Attorney General and County Attorneys must investigate all complaints, even if the basis for the complaint is racial or ethnic prejudice or discrimination or any other improper unlawful motive.

(f)     There is no notice of the initiation of an investigation to the employer or to the individual who is the subject of the investigation (the "Affected Employee").

(g)     The investigation relating to whether an employee is authorized to work in the United States consists solely of a request by the Attorney General or a County Attorney to the federal government

20

1    to check federal computer records pursuant to 8 U.S.C.

2    § 1373(c).

3    (h)    HB 2779 excludes the ability of the Attorney General or County

4    Attorneys to consider any other evidence besides the response

5    from the federal government pursuant to 8 U.S.C. § 1373(c) in

6    determining whether an employee is authorized to work.

7    (i)    The County Attorneys are compelled to prosecute the employer

8    in every case in which a complaint was investigated and found

9    "not frivolous."

10    (j)    In any proceedings in Arizona courts to impose penalties under

11    A.R.S. § 23-212(F), including the suspension or revocation of all

12    business licenses or permits of Plaintiffs, their members, and

13    other employers, A.R.S. § 23-212(H) restricts the evidence that

14    may be considered.

15    (k)    The Legal Arizona Workers Act provides in part, "On

16    determining whether an employee is an unauthorized alien, the

17    Court shall consider only the federal government's determination

18    pursuant to 8 U.S.C. § 1373(c)." A.R.S. § 23-212(H). The

19    Legal Arizona Workers Act also states that Arizona courts may

20    take judicial notice of the federal government's so-called

21    "determination" under 8 U.S.C. § 1373(c). *Id.*

22    (l)    The Legal Arizona Workers Act does not give employers the

23    right to call witnesses on their behalf to establish the work

24    authorization of Affected Employees.

25    (m)    The Legal Arizona Workers Act does not give Affected

26    Employees the right to call witnesses on their behalf to establish

27    their work authorization.

28

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

21

(n) The Legal Arizona Workers Act does not give employers or Affected Employees the right to cross-examine witnesses for the federal or state government on the issue of the Affected Employee's work authorization.

(o) The Legal Arizona Workers Act does not provide a procedure whereby an employer or Affected Employee may challenge erroneous "determinations" of immigration status.

(p) Due process rights are not provided to the employer or the Affected Employee under The Legal Arizona Workers Act.

(q) There is no "determination" made under 8 U.S.C. § 1373(c). The federal government's informational response under 8 U.S.C. § 1373(c) is not a determination, but is merely a reflection of whatever information is in the federal government's database.

(r) Due process rights are not provided before the federal government furnishes a response under 8 U.S.C. § 1373(c).

(s) The absence of any "determination" pursuant to 8 U.S.C. § 1373(c) is reflected by the fact that federal immigration law does not provide for any action to be taken by the federal government against a person or employer based upon response under 8 U.S.C. § 1373(c). Determinations by the federal government of whether an employer knowingly employed an unauthorized alien are made pursuant to 8 CFR § 274a.9, and require a hearing and due process, as set forth in paragraph 131 above. Determinations of an alien's status are made pursuant to administrative procedures that provide due process protections. Determinations are not made pursuant to 8 U.S.C. § 1373(c), and the federal immigration system does not provide a final determination of immigration status at the request of a state or local government.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

22

(t)      To find that an Arizona employer knowingly or intentionally employed an unauthorized alien, the Arizona Court will be required to make a determination that the Affected Employee is an unauthorized alien, but the Arizona Court has no authority to determine an alien's immigration status. Such status determinations may be made only by a federal immigration judge. 8 U.S.C. § 1229a(a)(1) and (a)(3). The Legal Arizona Workers Act does not provide due process to Employers and Affected Employees to subject them to a hearing in an Arizona Court that does not have jurisdiction to determine immigration status.

134. The procedures established pursuant to the Legal Arizona Workers Act do not satisfy the due process requirements of the United States Constitution.

135. It is a violation of Plaintiffs' due process rights for the State of Arizona to make mandatory the use of the federal government's otherwise voluntary electronic employment verification system known as E-Verify because the Legal Arizona Workers Act conflicts with federal law and information given to employers by the federal government regarding the voluntary nature of their participation in E-Verify, as alleged more fully in paragraphs 203-225 below.

136. It is a violation of Plaintiffs' due process rights for the Legal Arizona Workers Act to make mandatory the use of the federal government's E-Verify system because the laws of the State of Illinois prohibit the use of E-Verify unless and until it meets performance standards that it currently does not meet, as alleged more fully in paragraphs 220-224 below.

137. The Legal Arizona Workers Act violates the due process rights of members of Plaintiffs who have employees in both Arizona and Illinois because the Legal Arizona Workers Act places employers in the position of violating the laws of

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

either Arizona or Illinois and makes it impossible for such employers to comply with the laws of both states.

138.    Plaintiffs are entitled to a declaratory judgment that the Legal Arizona Workers Act is unconstitutional because it violates the Fourteenth Amendment to the U.S. Constitution.

139.    Plaintiffs are entitled to a preliminary and permanent injunction to enjoin the County Attorneys and Attorney General from taking actions to enforce or implement the Legal Arizona Workers Act.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF PROCEDURAL DUE PROCESS GUARANTEES OF ARIZONA CONSTITUTION

140.    Plaintiffs hereby incorporate by this reference all allegations of the preceding paragraphs of this Complaint, as if fully set forth herein.

141.    Article II, § 4 of the Arizona Constitution prohibits state and local governments from depriving any person of property without due process of law.

142.    Corporations, including Plaintiffs and their members, are persons entitled to due process.

143.    Licenses or permits from the State of Arizona and/or its political subdivisions are property interests that are subject to the due process protections of Article II, § 4 of the Arizona Constitution.

144.    The County Attorneys, the Attorney General, the Registrar of Contractors, the State of Arizona and its political subdivisions and other public officials are prohibited by Article II, § 4 of the Arizona Constitution from suspending or revoking business licenses or permits unless the State or its political subdivisions provide the holder of the license or permit due process of law.

145.    The Defendants' actions that violate the Fourteenth Amendment to the U.S. Constitution, as alleged in paragraphs 124-139 above, also violate the Arizona Constitution.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

24

146.   The procedures established by the Legal Arizona Workers Act do not satisfy and are in conflict with provisions of existing Arizona law for the procedures that must be used and due process rights that must be provided in order for Defendants to suspend or revoke licenses or permits.

147.   The procedures established under the Legal Arizona Worker Act do not satisfy the due process requirements of the Arizona Constitution.

148.   Plaintiffs are entitled to a declaratory judgment that the Legal Arizona Workers Act is unconstitutional because it violates Article II § 4 of the Arizona Constitution.

149.   Plaintiffs are entitled to a preliminary and permanent injunction to enjoin the County Attorneys and Attorney General from taking actions to enforce or implement the Legal Arizona Workers Act.

**THIRD CLAIM FOR RELIEF**

**VIOLATION OF COMMERCE CLAUSE**

150.   Plaintiffs hereby incorporate by this reference all allegations of the preceding paragraphs of this Complaint, as if fully set forth herein.

151.   The Commerce Clause of the U.S. Constitution vests Congress with the exclusive authority to "regulate Commerce… among the several states." U.S. Constitution, Art. I, § 8, cl. 3.   The Commerce Clause forbids states and local governments, including the State of Arizona, from regulating or passing laws that restrict or interfere with interstate commerce.

152.   The Legal Arizona Workers Act purports to and will regulate interstate commerce.

153.   Although the definition of employer contained in A.R.S. § 23-211(4) provides that the employer must have a license or permit from the State of Arizona, or one of its political subdivisions, and must have at least one employee in Arizona, the definition of employee in A.R.S. § 23-211(3) is limited to employees who were hired or who perform services within Arizona.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

25

154.    The definition of employee in A.R.S. § 23-211(3) includes "any person who performs employment services for an employer pursuant to an employment relationship between the employee and employer."

155.    By its terms, the above definition of employee contained in A.R.S. § 23-211(3) includes all employees who work for any business that has one or more employees within the State of Arizona and a license or permit from the State of Arizona or one of its political subdivisions.

156.    The definition of employee subject to regulation by the Legal Arizona Workers Act includes employees who work exclusively in states other than Arizona, who were hired in states other than Arizona and who have never worked in Arizona, but work for businesses that have at least one employee in Arizona and hold a license or permit from the Sate of Arizona or one of its political subdivisions.

157.    The above definition of employee subject to regulation by the Legal Arizona Workers Act includes employees who were hired in states other than Arizona and who later were transferred or relocated to Arizona to perform employment services in Arizona.

158.    The above definition of employee subject to regulation by the Legal Arizona Workers Act includes employees who were hired in states other than Arizona and who perform work in Arizona on only an occasional basis.

159.    Under the Legal Arizona Workers Act, the Attorney General or County Attorneys will be required to investigate complaints relating to employees who were hired in states other than the State of Arizona.

160.    Under the Legal Arizona Workers Act, the Attorney General or County Attorneys will be required to investigate complaints relating to employees who were hired in states other than Arizona and who are residents of states other than Arizona and who perform services in Arizona on only an occasional or temporary basis or not at all.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

26

161.    Under the Legal Arizona Workers Act, the Attorney General or County Attorneys will be required to investigate complaints relating to employees who were hired in states other than Arizona and who perform services only in states other than Arizona, as there is nothing in the Legal Arizona Workers Act that restricts the regulation and enforcement of its provisions to employees who are performing services within the State of Arizona.

162.    Under the Legal Arizona Workers Act, the enforcement actions of the State of Arizona will extend to employees or job sites in states other than Arizona, as there is nothing in the Legal Arizona Workers Act that restricts the regulation and enforcement of its provisions to employees performing services in the State of Arizona or work sites in the State of Arizona.

163.    Under the Legal Arizona Workers Act, Arizona businesses could lose their Arizona licenses for conduct that occurred wholly outside the State of Arizona and that the State of Arizona has no authority to regulate.

164.    A.R.S. § 23-214 requires employers to use E-Verify to verify the employment eligibility of its employees after December 31, 2007.

165.    The requirement that employers use E-Verify to verify the employment eligibility of its employees is not limited to employees in the State of Arizona, but applies to all employees of businesses that have at least one employee in Arizona and a license or permit issued by the State or one of its political subdivisions.

166.    By requiring that employers use E-Verify to verify the work authorization of employees who do not perform services in Arizona and by extending investigations and enforcement actions to employees outside of Arizona, Arizona is regulating commerce that occurs wholly outside the State of Arizona and that the State of Arizona has no authority to regulate.

167.    Plaintiffs are entitled to a declaratory judgment that the Legal Arizona Workers Act is unconstitutional because it violates the Commerce Clause of the U.S.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

27

Constitution due to its extraterritorial effects and control of commerce that occurs outside the borders of Arizona.

168.   Plaintiffs are entitled to a preliminary and permanent injunction to enjoin the County Attorneys and Attorney General from taking actions to enforce or implement the Legal Arizona Workers Act.

**FOURTH CLAIM FOR RELIEF**

**VIOLATIONS OF SUPREMACY CLAUSE OF U.S. CONSTITUTION AND PRE-EMPTION BY FEDERAL IMMIGRATION LAW**

169.   Plaintiffs hereby incorporate by this reference all allegations of the preceding paragraphs of this Complaint, as if fully set forth herein.

170.   Under the Supremacy Clause of the U.S. Constitution, federal law may expressly or implicitly preempt state and local laws.

171.   In accordance with its exclusive power over matters of immigration, the U.S. Congress has adopted, pursuant to the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., and other laws, a comprehensive system of laws, regulations, and procedures and has created administrative agencies that determine, subject to judicial review, whether and under what conditions individuals may enter, stay in, and work in the U.S. and a system of civil and criminal penalties for those violating the law, including employers who knowingly employ unauthorized aliens.

172.   When enacting the Immigration Reform and Control Act, Congress expressly pre-empted state and local laws.  The Immigration Reform and Control Act provides, in part, as follows:   "[Federal law] pre-empts any state or local law imposing similar criminal sanctions (other than through licensing and similar laws) upon those who employ unauthorized aliens."  8 U.S.C. § 1324a(h)(2).

173.   The licensing exception was designed and intended to allow state governments to take action against the business license for employers "found to have violated the sanctions provision" of 8 U.S.C. § 1324a – essentially only after the employer had been found by the federal government to have violated the federal law.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

28

174.   The licensing exception to the preemption clause in 8 U.S.C. § 1324a(h)(2) does not allow states to pass laws prohibiting the employment of unauthorized aliens.

175.   The federal government has enacted broad, comprehensive immigration laws that govern who is eligible to work in the United States and that govern the process by which employers must verify the eligibility of job applicants.

176.   The federal government has occupied the field of immigration regulation through the Immigration and Nationality Act ("INA"), the Immigration Reform and Control Act of 1986 ("IRCA"), the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), and other laws, including occupying the field relating to prohibiting the employment of unauthorized workers and verifying the eligibility of job applicants.

177.   The immigration laws, procedures, and policies created by the federal government regulate immigration and confer rights in a careful balance reflecting the national interest.

178.   Congress carefully balanced the requirements and penalties in the federal immigration law with consideration of the tension that immigration compliance and sanctions might cause relating to race, national origin, and citizenship discrimination.

179.   The Constitution bars Defendants from altering or obstructing the federal government's carefully crafted comprehensive immigration regime.

180.   The Constitution bars Defendants from enacting or enforcing laws that conflict with federal law, including federal immigration laws.

181.   The Legal Arizona Workers Act conflicts with federal law and is therefore preempted by federal law and is unconstitutional pursuant to the Supremacy Clause of the U.S. Constitution.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

29

182.   Federal law governs the documents that employers must accept to make employment decisions regarding whether persons are authorized to work in this country.

183.   Federal law prohibits employers from conducting any further investigation or taking any steps other than reviewing any of the 24 forms of documents that employees have the right, under federal law, to present to an employer to establish eligibility for employment in this country.   Once an employee has satisfied the verification requirements of 8 U.S.C. § 1324a, employers are barred by federal law from seeking additional information regarding their authorization to work.

184.   Federal law prohibits employers from making additional inquiries, conducting additional investigations, or taking additional steps to determine an applicant's or employee's eligibility to work in this country, other than (i) having examined the original documents that the employee chose to present, (ii) if the employer voluntarily enters into an agreement, to utilize E-Verify, and (iii) taking certain steps in response to receiving a communication from the Social Security Administration that an employee's name does not match an employee's Social Security number.

185.   Federal law prohibits the use of the Form I-9 for any law enforcement purpose other than for enforcement of IRCA or other specified federal laws.  8 U.S.C. §  1324a(d)(2)(F).

186.   Federal law prohibits the use of the Form I-9 or any information on the I-9 except by the Department of Homeland Security, Department of Labor, or Department of Justice for purposes of enforcing IRCA or other specified federal laws. 8 U.S.C. §  1324a(b)(5).

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

30

DMWEST #6591059 v2

187.    The Legal Arizona Workers Act provides that employers who comply with the federal I-9 requirement have an affirmative defense that they did not knowingly or intentionally employ an unauthorized alien.  A.R.S. § 23-212(J).[1]

188.    The affirmative defense provided in A.R.S. § 23-212(J) conflicts with federal limitations on the use of the Form I-9 and thus is preempted by federal law.

189.    The factors to be considered by Arizona courts in determining whether to suspend business licenses include "whether the employer made good faith efforts to comply with any applicable requirements," which necessarily will require the consideration of the employer's compliance with the Form I-9.  The foregoing enforcement provisions of  A.R.S. § 23-212(F)(1)(d) conflicts with the federal limitations on the use of the Form I-9 and is thus preempted by federal law.

190.    The federal government has failed to issue tamper-proof and forgery-proof forms of identification to persons that employers may rely upon to confirm with accuracy and reliability the identity of a person or the person's eligibility to work in the United States.

191.    The State of Arizona has failed to issue tamper-proof and forgery-proof documents establishing the identity of residents of the State of Arizona.

192.    Federal immigration law and federal employment discrimination laws prohibit employers from taking action to refuse to hire or discharge employees based upon their citizenship, national origin, race, ethnicity, color or other classifications protected by law.

193.    The Legal Arizona Workers Act threatens the uniformity and primacy of the federal immigration system and conflicts with federal immigration law.

---

[1]    A.R.S. 23-212(J) actually provides that good faith compliance with 8 U.S.C. § 1324b, the non-discrimination provisions of IRCA, is a good-faith defense.  This is a typographical error.  The law intended to refer to 8 U.S.C. § 1324a(b), the I-9 employment verification system.

DMWEST #6591059 v2

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

194. The Legal Arizona Workers Act stands as an obstacle to the uniform enforcement and application of federal immigration laws and the comprehensive regime created by Congress.

195. The Legal Arizona Workers Act imposes penalties on employers for Arizona's state-regulated immigration enforcement measures beyond and different than what the federal government requires.

196. The Legal Arizona Workers Act makes unlawful an additional immigration-related employment practice that is not prohibited under federal law, that of "intentionally" employing an unauthorized alien.

197. The prohibition in A.R.S. § 23-212(A) against "intentionally" employing an unauthorized alien is preempted by IRCA. It is inconsistent with the uniform enforcement of federal immigration law and Congress has already acted, through IRCA, to occupy the field regarding controlling the employment of aliens.

198. The definition of "license" in A.R.S. § 23-211(7) subject to being suspended or revoked includes items that are not licenses within any traditional sense of the word or as the term is used in 8 U.S.C. § 1324a(h)(2).

199. Articles of Incorporation, a grant of authority, a Certificate of Partnership, a Partnership Registration and Articles of Organization are not "licenses."

200. The Arizona Legislature exceeded the savings clause in 8 U.S.C. § 1324a(h)(2) when it defined "license" to include Articles of Incorporation, a grant of authority, a Certificate of Partnership, a Partnership Registration, and Articles of Organization.

201. Under The Legal Arizona Workers Act, Arizona courts could order the Arizona Corporation Commission to "suspend" corporations' Articles of Incorporation.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

32

202.   There is no legal meaning to "suspending" a corporation's Article of Incorporation.  Either the corporation's charter exists or it does not.  There is no in-between concept of a "suspended" Articles of Incorporation.

203.   The federal government does not require employers to use E-Verify.  It is a strictly voluntary program, except in the few cases where the federal government requires employers that violated the employment verification laws to use E-Verify as part of a settlement with the federal government.

204.   Authorization for E-Verify expires November 30, 2008 at which time the program expires and will no longer exist without further action by the U.S. Congress before November 30, 2008.

205.   The fact that the federal government does not require employers to use E-Verify evidences the intent of the federal government that E-Verify remain voluntary and that employers are not to be required to use E-Verify.

206.   In order to use E-Verify, employers must enter into a contract with the federal government that is contained in a Memorandum of Understanding issued by the federal government.

207.   The terms of the contract with the federal government for use of E-Verify obligate employers to use E-Verify in accordance with the federal government's requirements and procedures, including but not limited to the matters set forth in the federal government's Memorandum of Understanding and a 64-page User's Manual for E-Verify.

208.   The federal government provides information to potential and actual users of E-Verify, via a computer internet connection, to inform potential and actual users of E-Verify about the terms and conditions for operation and use of E-Verify.

209.   The information provided by the federal government to potential and actual users of E-Verify specifically informs them that the use of E-Verify by employers is voluntary.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

DMWEST #6591059 v2

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

210.   The Legal Arizona Workers Act is preempted by federal law and is unconstitutional under the Supremacy Clause, and is a denial of due process because of the conflicting and inconsistent provisions of the state and federal law and the conflicting and inconsistent information that employers receive from the State of Arizona and the federal government.  The State of Arizona, by enacting the Legal Arizona Workers Act, and Defendants, by enforcing it, mandate that Arizona employers must log onto a federal website that provides Arizona employers with information from the federal government that is the opposite of and contradictory to the provisions of the Legal Arizona Workers Act.

211.   The Legal Arizona Workers Act places Arizona employers, including plaintiffs and their members, at risk of being found to be in violation of Arizona law because Arizona employers followed and complied with the information from the federal government that their use of E-Verify is voluntary, as communicated to them by the federal government on the computer system maintained by the federal government and that is made mandatory by the Legal Arizona Workers Act.

212.   It is preempted by the federal law, unconstitutional, and a denial of due process for the State of Arizona and Defendants to place Arizona employers in the position of disregarding, ignoring, or not following the information and directions given to them by the federal government on the very computer system that the State of Arizona requires Arizona employers to use in order to participate in E-Verify.

213.   The federal government's Memorandum of Understanding provides that the federal government may revoke the right of any employer to use E-Verify if they do not comply with all of the federal government's requirements for use of the program.

214.   Studies by the federal government document that at least half of the users of E-Verify violate the federal government's requirements in the manner in which they use the program.

34

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

215.   The Memorandum of Understanding that is a contract between employers and the federal government for use of E-Verify obligates the federal government to furnish to the employer the name, address and telephone number of a federal government employee who will available to answer the employer's questions and provide support for the employer's use of E-Verify.

216.   The State of Arizona does not have the authority to require employers to use E-Verify, and its attempt to do so in the Legal Arizona Workers Act is preempted by federal law.

217.   The Legal Arizona Workers Act will place burdens on the Executive Branch of the federal government including the Department of Justice, Department of Homeland Security, and Social Security Administration, that will impede the functions of those agencies.

218.   By requiring that every complaint be investigated and that every investigation must involve querying the federal government under 8 U.S.C. § 1373(c), the Legal Arizona Workers Act places an impermissible burden on the federal government.

219.   By requiring that every Arizona employer use E-Verify, the Legal Arizona Workers Act places an impermissible burden on the Executive Branch of the federal government, including the Social Security Administration and the Department of Homeland Security, who currently do not have the resources to successfully absorb, support, monitor and enforce the compliance of 139,500 new Arizona users of E-Verify, which currently has approximately 17,000 companies enrolled and only half that many that actively use the program.

220.   The Legal Arizona Workers Act is preempted by the Constitution and federal law because it places some Arizona employers, including some of the Plaintiffs and some of their members in the position of being compelled to violate the laws of the State of Illinois.

DMWEST #6591059 v2

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

221.   The State of Illinois has enacted Public Act 095-0138, that states, in part, "employers are prohibited from enrolling in any employment eligibility verification system, including E-Verify, as authorized by 8 U.S.C. § 1324(a) … until the Social Security Administration (SSA) and Department of Homeland Security (DHS) databases are able to make a determination on 99% of the tentative non-confirmation notices issued to employers within three days, unless otherwise required by federal law."

222.   The Social Security Administration and Department of Homeland Security databases do not meet the performance standards mandated by the State of Illinois, as set forth above.

223.   Arizona employers who also have employees in Illinois are therefore prohibited by the State of Illinois from using E-Verify, but are compelled by the State of Arizona to use E-Verify under the Legal Arizona Workers Act effective on January 1, 2008.

224.   The Legal Arizona Workers Act violates the Supremacy Clause of the Constitution, is preempted by federal law, and violates due process rights.  It places some Arizona employers, including some of the Plaintiffs and their members, in the position of mandating under Arizona law that they violate the laws of the State of Illinois.

225.   E-Verify is intended to be and has been adopted and implemented by the federal government as a program for which enrollment by participating employers is voluntary.

226.   The obligations imposed upon employers pursuant to the terms of E-Verify Memorandum of Understanding include the employer's consent to certain rights of the federal government to inspect the employer's property and documents.

227.   As set forth in the Sixth Claim for Relief, under the Fourth Amendment to the U.S. Constitution, the federal government would not possess the right to conduct searches without a warrant of the property and documents of employers who

DMWEST #6591059 v2

participate in E-Verify without the consent of employers to allow such searches without a warrant.

228.    E-Verify's requirement that participating employers consent to the right of the federal government to conduct searches of the property and documents of employers who participate in E-Verify requires that the participation of employers in E-Verify must be voluntary on the part of the employers.

229.    If employers are compelled to participate in E-Verify, they will not have consented to the rights of the federal government to conduct searches of the employers' property and documents.

230.    The Legal Arizona workers Act compels Arizona employers, including Plaintiffs and their members, to participate in the otherwise voluntary E-Verify systems.

231.    By compelling participation in E-Verify, the Legal Arizona Workers Act is inconsistent with and negates the voluntariness of E-Verify that is essential for there to be consent to the federal government's right to inspect the participating employers' property and documents without a warrant.

232.    E-Verify is preempted by federal law and violates the Supremacy Clause of the U.S. Constitution by interfering with, contradicting, and negating the voluntariness of the participating in E-Verify that is essential for the participants in the program having given consent to the federal government's rights under the Memorandum of Understanding to conduct searches of the employers' property and documents without a warrant.

233.    The requirement in A.R.S. § 32-1154(12) that would deprive Plaintiffs or their members of a contractor's license as a result of their failure to comply with the Legal Arizona Workers Act, including the mandate to enroll in the E-Verify Program, is preempted and conflicts with federal law and imposes a burden on some of the members of Plaintiff associations.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

37

234.   Plaintiffs are entitled to a declaratory judgment that the Legal Arizona Workers Act is unconstitutional because it is preempted by federal law.

235.   Plaintiffs are entitled to a preliminary and permanent injunction to enjoin the County Attorneys and Attorney General from taking actions to enforce or implement the Legal Arizona Workers Act.

236.   Plaintiffs are entitled to a preliminary and permanent injunction to enjoin Fidelis V. Garcia from taking any action against any Plaintiff or member of Plaintiff associations on the basis that such Plaintiff or Plaintiff member failed to comply with the Legal Arizona Workers Act.

**FIFTH CLAIM FOR RELIEF**

**VIOLATION OF THE SEPARATION OF POWERS DOCTRINE OF THE ARIZONA CONSTITUTION.**

237.   Plaintiffs hereby incorporate by this reference all allegations of the preceding paragraphs of this Complaint, as if fully set forth herein.

238.   The Constitution of Arizona divides the State Government of Arizona into three branches, the executive, legislative and judicial.   Article III of the Constitution states as follows:

> The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial, and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.

239.   The Arizona Constitution prohibits each branch of government from exercising the powers that are given by the Constitution to a separate branch of government.

240.   The Constitution of Arizona prohibits the Legislative Branch of government from exercising executive powers that properly belong to the Executive Branch of government.

241.   The Legislative Branch has the power to write and pass laws.   The Executive Branch has the sole power to carry out the provisions of the law.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

242.    The Legal Arizona Workers Act contains a legislative mandate that the Executive Branch of government investigate every complaint that it receives alleging that an employer is knowingly or intentionally employing an unauthorized alien. A.R.S. §  23-212(A).

243.    A.R.S. §  23-212(B) dictates the method by which the Executive Branch of government shall investigate each complaint.  A.R.S. §  23-212(B) mandates that the investigation regarding an employee's status shall consist solely of an inquiry to the federal government pursuant to 8 U.S.C. § 1373(c).

244.    A.R.S. §  23-212(B) prohibits the Executive Branch of government from considering information other than a response from the federal government pursuant to 8 U.S.C. § 1373(c) in acting upon each complaint received by the Executive Branch and determining whether an alien is authorized to work in the United States.

245.    The Legal Arizona Workers Act mandates that the Executive Branch of government prosecute each complaint that is "not frivolous."

246.    The Legal Arizona Workers Act does not allow the exercise of discretion by the Executive Branch in enforcing the Act.  Prosecutors will be required to bring lawsuits that on balance lack merit but do not fall to the level of being "frivolous."

247.    The Legal Arizona Workers Act mandates that the Executive Branch take each of the above actions regardless of the resources, other duties, professional judgment and other priorities or factors that the Executive Branch would otherwise consider in discharging its duties under the Legal Arizona Workers Act and under all other laws for which it has the responsibility to take action.

248.    Because of the mandate of the Legal Arizona Workers Act that all complaints under A.R.S. §  23-212(B) must be investigated and all non-frivolous complaints under the Legal Arizona Workers Act must be prosecuted, it is possible that the Executive Branch of the Arizona Government may be unable to discharge

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

DMWEST #6591059 v2

other important duties that are the responsibility of the Executive Branch, including but not limited to prosecuting suspects for murder, rape, child molestation, hate crimes, financial fraud, driving while intoxicated, and other crimes.

249.   The above provisions of the Legal Arizona Workers Act violate the separation of powers clause of the Arizona Constitution.  Each of the provisions set forth above constitutes the exercise by the Legislative Branch of powers that are reserved to the Executive Branch.

250.   Plaintiffs are entitled to a declaratory judgment that the Legal Arizona Workers Act is unconstitutional because it violates the separation of powers of the Arizona Constitution.

251.   Plaintiffs are entitled to a preliminary and permanent injunction to enjoin the County Attorneys and Attorney General from taking actions to enforce or implement the Legal Arizona Workers Act.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF PROTECTION AGAINST UNREASONABLE SEARCHES AND SEIZURES UNDER THE U.S. CONSTITUTION

252.   Plaintiffs hereby incorporate by reference all allegations of the preceding paragraphs of this Complaint, as fully set forth herein.

253.   Pursuant to the Fourth and Fourteenth Amendments of the U.S Constitution, state and local governments are prohibited from conducting unreasonable searches and seizures.  The Fourth Amendment provides:

> The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be search, and the person or things to be seized.

254.   The Legal Arizona Workers Act mandates that after December 31, 2007, every employer must verify the employment eligibility of employees through the federal government's otherwise voluntary E-Verify.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

40

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

255.   Every employer that participates in the E-Verify must sign a Memorandum of Understanding that states responsibilities and obligations of the employer.  Article II, Section C(15) of the Memorandum of Understanding requires employers to allow the Department of Homeland Security, or authorized agents to make periodic visits to the employers, to review E-Verify-related records, to interview employees of the employer, and to inspect other employment records.

256.   An employer's enrollment in E-Verify subjects the employer to greater rights by the federal government to inspect records and obtain access to an employer's property than would otherwise exist without a warrant.

257.   The Legal Arizona Workers Act, by compelling Plaintiffs and their members to enroll and participate in E-Verify, constitutes a forced waiver of Fourth Amendment rights to be free from unreasonable searches and seizures.  Mandating participation in E-Verify and mandating signing the Memorandum of Understanding is not a proper consent to search or waiver of employers' Fourth Amendment protections.  Rather, it effectively forces employers to waive their constitutionally guaranteed protections against warrantless searches.

258.   Plaintiffs are entitled to a declaratory judgment that the Legal Arizona Workers Act is unconstitutional because it violates the Fourth Amendment of the U.S. Constitution.

259.   Plaintiffs are entitled to a preliminary and permanent injunction to enjoin the County Attorneys and Attorney General from taking actions to enforce or implement HB 2779.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs respectfully demand judgment awarding the following:

A.   A declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the Legal Arizona Workers Act is unconstitutional

41

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

1    because it violates the procedural due process guarantees of the

2    Fourteenth Amendment to the U.S. Constitution.

3    B.    A declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202

4          declaring that the Legal Arizona Workers Act is unconstitutional

5          because it violates the procedural due process guarantee of Article II § 4

6          of the Arizona Constitution.

7    C.    A declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202

8          declaring that the Legal Arizona Workers Act is unconstitutional

9          because it is preempted by federal law.

10   D.    A declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202

11         declaring that the Legal Arizona Workers Act is unconstitutional

12         because it violates the Commerce Clause of the U.S. Constitution.

13   E.    A declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202

14         declaring that the Legal Arizona Workers Act is unconstitutional

15         because it violates the separation of powers of the Arizona Constitution.

16   F.    A declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202

17         declaring that the Legal Arizona Workers Act is unconstitutional

18         because it violates the Fourth Amendment to the U.S. Constitution.

19   G.    A preliminary and permanent injunction to enjoin the County Attorneys,

20         Attorney General and Fidelis V. Garcia from taking actions to enforce

21         or implement the Legal Arizona Workers Act.

22   H.    An award of attorneys' fees and costs, plus interest, pursuant to 42

23         U.S.C. §  1988.

24   I.    Such other relief as the Court deems just and proper.

25   ///

26   ///

27   ///

28   ///

42

DMWEST #6591059 v2

BALLARD SPAHR ANDREWS & INGERSOLL, LLP
3300 NORTH CENTRAL AVENUE, SUITE 1800
PHOENIX, ARIZONA 85012
(602) 798-5400 FAX (602) 798-5595

1   RESPECTFULLY SUBMITTED this 9th day of December, 2007.

2                               BALLARD SPAHR ANDREWS &
3                               INGERSOLL, LLP

4
                                By:/s/ David A. Selden
5                                   David A. Selden
6                                   Julie A. Pace
                                    Heidi Nunn-Gilman
7                                   3300 N. Central Avenue, Suite 1800
                                    Phoenix, Arizona 85012
8
9                                   Louis R. Moffa, Jr.
                                    Plaza 1000, Suite 500
10                                  Main Street
                                    Voorhees, New Jersey 08043
11                                  856-761-3493
12
                                    OF COUNSEL
13
14                                  Robin S. Conrad
                                    Shane Brennan
15                                  National Chamber Litigation Center, Inc.
                                    1615 H Street, NW
16                                  Washington, D.C. 20062
17
                                    Attorneys for Plaintiffs
18

19
20   I hereby certify that on the 9th day of
     December, 2007, I caused the foregoing document:
21
     COMPLAINT
22
     To be filed electronically with the Clerk of
23   Court through ECF; and that ECF will send
     an e-notice of the electronic filing to the
24   following ECF participants:

25   And to be delivered as a courtesy hard copy
     To:
26
27
     /s/ Kathleen Reynolds
28

                                43

DMWEST #6591059 v2