**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARIZONA CONTRACTORS ASSOCIATION, INC., an Arizona non-profit corporation; ARIZONA EMPLOYERS FOR IMMIGRATION REFORM, INC., an Arizona non-profit corporation; CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, a Washington D.C. non-profit corporation; ARIZONA CHAMBER OF COMMERCE, an Arizona non-profit corporation; ARIZONA HISPANIC CHAMBER OF COMMERCE, INC., an Arizona non-profit corporation; ARIZONA FARM BUREAU FEDERATION, an Arizona non-profit corporation; ARIZONA RESTAURANT AND HOSPITALITY ASSOCIATION, an Arizona non-profit corporation; ASSOCIATED MINORITY CONTRACTORS OF AMERICA, an Arizona non-profit limited liability company; ARIZONA ROOFING CONTRACTORS ASSOCIATION, an Arizona non-profit corporation; NATIONAL ROOFING CONTRACTORS' ASSOCIATION, an Illinois not-for-profit corporation; WAKE UP ARIZONA! INC., an Arizona non-profit corporation; and ARIZONA LANDSCAPE CONTRACTORS ASSOCIATION, INC., an Arizona non-profit corporation, <br><br>                    Plaintiffs,<br><br>vs. | No. CV07-02496-PHX-NVW<br><br>ORDER |

| | |
|---|---|
| 1 | CRISS CANDELARIA, Apache County ) |
| | Attorney; ED RHEINHEIMER, Cochise ) |
| 2 | County Attorney; TERENCE C. ) |
| | HANER, Coconino County Attorney; ) |
| 3 | DAISY FLORES, Gila County Attorney; ) |
| | KENNY ANGLE, Graham County ) |
| 4 | Attorney; DEREK D. RAPIER, Greenlee ) |
| | County Attorney; MARTIN BRANNAN,) |
| 5 | LaPaz County Attorney; ANDREW P. ) |
| | THOMAS, Maricopa County Attorney; ) |
| 6 | MATTHEW J. SMITH, Mohave County ) |
| | Attorney; JAMES CURRIER, Navajo ) |
| 7 | County Attorney; BARBARA ) |
| | LAWALL, Pima County Attorney; ) |
| 8 | JAMES P. WALSH, Pinal County ) |
| | Attorney; GEORGE SILVA, Santa Cruz ) |
| 9 | County Attorney; SHEILA POLK, ) |
| | Yavapai County Attorney; JON SMITH, ) |
| 10 | Yuma County Attorney; TERRY ) |
| | GODDARD, Attorney General of the ) |
| 11 | State of Arizona; and FIDELIS V. ) |
| | GARCIA, Director of the Arizona ) |
| 12 | Registrar of Contractors, ) |
| 13 | Defendants. ) |

Before the court are Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (doc. # 4), Motion for Expedited Discovery and to Waive Rule 26(d) (doc. # 7) (which does not attach any proposed discovery request), and Motion for Protective Order Regarding John Doe Members (doc. # 13). No proof of service has been filed for any Defendant, but counsel have filed notices of appearance on behalf of Defendants Thomas, Goddard, and Garcia.

By this order a scheduling conference will be set to fix a prompt and fair schedule for proceeding on Plaintiffs' Motion for Preliminary Injunction and other motions in light of the gravity and magnitude of the relief sought. The court is confident that the Defendants, all of whom are public officials, and the Plaintiffs will cooperate for the expeditious and effective presentation of the undisputed facts, the legal issues, and the evidence on any disputed material facts. The scheduling conference will be set on December 18, 2007, at 1:30 p.m., which gives a minimal time for the new Defendants to

- 2 -

1 review this litigation, confer with their counsel, and be ready to address scheduling. The
2 court will hear the Motion for Preliminary Injunction with all promptness after hearing
3 the views of all parties concerning scheduling.

4       Plaintiffs also request that the court set a hearing on Plaintiffs' request for a
5 temporary restraining order to enjoin enforcement of the Legal Arizona Workers Act,
6 A.R.S. §§ 23-211 through 214 (the Act), which takes effect on January 1, 2008. This
7 request for injunction before the new Defendants can marshal their case is problematic.
8 The court is familiar with substantive issues briefed in the previous litigation, but some
9 were not adequately addressed. *Arizona Contractors Association, Inc. v. Napolitano*, No.
10 CV 07-1355-PHX-NVW (D. Ariz. 2007). Unless the new Defendants elect to add
11 nothing to what was said in the earlier case, they may not have an adequate opportunity to
12 express their views.

13       Moreover, the urgency that Plaintiffs feel is of their own making. In the prior
14 litigation they were on notice in September that they may be out of court unless they sued
15 one or more appropriate county attorneys, which they could have done with trivial
16 expense and no delay. Plaintiffs have now dissipated the time available for the
17 appropriate defendants to present their case and for the court to deliberate and rule after
18 hearing both sides.

19       Delay in seeking emergency injunctive relief is a factor to be considered in
20 weighing the propriety of the relief. *Lydo Enterprises, Inc. v. Las Vegas*, 745 F.2d 1211,
21 1213 (9th Cir. 1984). Where the untimely filing of a suit and its attendant request for a
22 temporary restraining order is a direct consequence of a party's tactical decisions, such
23 unreasonable delay evidences a lack of diligence and is grounds for denial. *See Apache*
24 *Survival Coalition v. United States*, 118 F.3d 663, 665-66 (9th Cir. 1997) (denying
25 temporary restraining order to halt mountaintop construction of telescope where the
26 plaintiff filed its suit only after its "administrative strategy" failed and construction had
27 begun).

28

     Counsel may address these and all other pertinent issues at the hearing on the motion for temporary restraining order, which will be set at the same time as the scheduling conference.

     IT IS THEREFORE ORDERED that a hearing on Plaintiffs' Motion for Temporary Restraining Order (doc. # 4) and a scheduling and case management conference are set for **December 18, 2007, at 1:30 p.m.**  If any Defendant elects not to take an active role in the defense of this action, that party is not required to attend the hearing but will be bound by any orders of the court.

     IT IS FURTHER ORDERED that all counsel discuss and be prepared to address with the court: (1) acceleration of briefing and hearing on the Motion for Preliminary Injunction (doc. # 4) to the earliest possible time; (2) stipulation to undisputed facts or to trial in part or in whole on written submissions, including agreement to the record in the previous litigation; and (3) consolidation of the hearing on preliminary injunction with trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2).

     IT IS FURTHER ORDERED that Plaintiffs' counsel immediately transmit a copy of this order to counsel for all Defendants who have not yet appeared in this action.

     DATED this 13th day of December 2007.

_____
Neil V. Wake
United States District Judge