1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARIZONA CONTRACTORS ASSOCIATION, INC., an Arizona non-profit corporation; ARIZONA EMPLOYERS FOR IMMIGRATION REFORM, INC., an Arizona non-profit corporation; CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, a Washington D.C. non-profit corporation; ARIZONA CHAMBER OF COMMERCE, an Arizona non-profit corporation; ARIZONA HISPANIC CHAMBER OF COMMERCE, INC., an Arizona non-profit corporation; ARIZONA FARM BUREAU FEDERATION, an Arizona non-profit corporation; ARIZONA RESTAURANT AND HOSPITALITY ASSOCIATION, an Arizona non-profit corporation; ASSOCIATED MINORITY CONTRACTORS OF AMERICA, an Arizona non-profit limited liability company; ARIZONA ROOFING CONTRACTORS ASSOCIATION, an Arizona non-profit corporation; NATIONAL ROOFING CONTRACTORS' ASSOCIATION, an Illinois not-for-profit corporation; WAKE UP ARIZONA! INC., an Arizona non-profit corporation; and ARIZONA LANDSCAPE CONTRACTORS ASSOCIATION, INC., an Arizona non-profit corporation,<br><br>　　　　Plaintiffs,<br><br>vs. | No. CV07-02496-PHX-NVW (lead)<br>No. CV07-02518-PHX-NVW (member)<br><br>ORDER |

| | |
|---|---|
| 1 | CRISS CANDELARIA, Apache County Attorney; ED RHEINHEIMER, Cochise |
| 2 | County Attorney; TERENCE C. HANER, Coconino County Attorney; |
| 3 | DAISY FLORES, Gila County Attorney; KENNY ANGLE, Graham County |
| 4 | Attorney; DEREK D. RAPIER, Greenlee County Attorney; MARTIN BRANNAN, |
| 5 | LaPaz County Attorney; ANDREW P. THOMAS, Maricopa County Attorney; |
| 6 | MATTHEW J. SMITH, Mohave County Attorney; JAMES CURRIER, Navajo |
| 7 | County Attorney; BARBARA LAWALL, Pima County Attorney; |
| 8 | JAMES P. WALSH, Pinal County Attorney; GEORGE SILVA, Santa Cruz |
| 9 | County Attorney; SHEILA POLK, Yavapai County Attorney; JON SMITH, |
| 10 | Yuma County Attorney; TERRY GODDARD, Attorney General of the |
| 11 | State of Arizona; and FIDELIS V. GARCIA, Director of the Arizona |
| 12 | Registrar of Contractors, |
| 13 | Defendants. |
| 14 | VALLE DEL SOL, INC.; CHICANOS POR LA CAUSA, INC.; and SOMOS |
| 15 | AMERICA, |
| 16 | Plaintiffs, |
| 17 | vs. |
| 18 | |
| 19 | TERRY GODDARD, in his official capacity as Attorney General of the State of Arizona; GALE GARRIOTT, in his |
| 20 | official capacity as the Director of the Arizona Department of Revenue; and |
| 21 | ANDREW THOMAS, in his official capacity as Maricopa County Attorney, |
| 22 | |
| 23 | Defendants. |

24  The court set an accelerated hearing on December 18, 2007, on the temporary

25  restraining order portions of Plaintiffs' Motion for Temporary Restraining Order and

26  Preliminary Injunction (doc. # 4 in No. CV 07-2496), and on Plaintiffs' Application for

27  Temporary Restraining Order, etc. (doc. # 3 in No. CV 07-2518, now consolidated with

28

- 2 -

1  No. CV 07-2496). The motions for preliminary injunction are set for hearing on January
2  16, 2008, with a pre-hearing schedule worked out at the December 18, 2007 hearing.
3          To obtain a temporary restraining order, the moving party must show "(1) a strong
4  likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if
5  the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and
6  (4) advancement of the public interest (in certain cases)." *See Los Angeles Memorial*
7  *Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980);
8  *Slater & Assocs. Ins., Inc. v. Roork*, No. CV 07-1965, 2007 U.S. Dist. LEXIS 81373 at *2
9  (D. Ariz. Oct. 16, 2007). To meet this burden, the moving party may show either: "(1) a
10  likelihood of success on the merits and the possibility of irreparable injury; or (2) that
11  serious questions going to the merits were raised and the balance of hardships tips sharply
12  in its favor." *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th
13  Cir. 2003) (quoting *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999)).
14          These consolidated actions are refilings, with some changes in parties, of
15  consolidated actions dismissed December 7, 2007, for failure to name sufficient
16  defendants. *Arizona Contractors Ass'n, Inc. v. Napolitano,* No. 07-1355 PHX-NVW
17  (*Arizona Contractors I*). Plaintiffs also appealed that judgment of dismissal and sought
18  an injunction pending appeal. By order entered this day in *Arizona Contractors I*, those
19  motions for injunction pending appeal are denied. That order is attached hereto and is
20  incorporated for its discussion of the reasons for denying both an injunction pending
21  appeal and the motions for temporary restraining order in this case.
22          Plaintiffs' motions sought an order that "Defendants are enjoined from enforcing"
23  A.R.S. §§ 23-211through 214, the Legal Arizona Workers Act (the Act). That relief was
24  rendered unnecessary at the December 18, 2007 hearing when the county attorneys
25  agreed they could not and would not bring any enforcement proceeding before February.
26          Plaintiffs then orally amended their motions to request a different temporary
27  restraining order, in effect a declaratory judgment, that they would not be liable for failure
28

- 3 -

1 to use E-Verify between January 1, 2008, and the time the injunction may be lifted.  That
2 is now the requested relief before the court.

3       Plaintiffs have established that one or more of their members will have to purchase
4 a computer and internet access to use E-Verify.  However, their presentations are not
5 persuasive to the extent they contend that any great expense would be incurred.  The
6 declaration of Mr. LeVecke, an owner of 57 franchise restaurants who has a full time
7 immigration compliance officer, that he would need 57 new computers for E-Verify
8 compliance is unpersuasive in light of his failure to address alternative business solutions.

9       Plaintiffs have not supplied any authority for their oral motion that the court can
10 enter a permanently binding declaratory judgment at the commencement of a case, styled
11 as a temporary restraining order, where no officer needs to be restrained.  Absent any
12 authority, the court is uncertain that such relief would be a proper exercise of the
13 extraordinary power of temporary restraint.

14       Several of the county attorney Defendants properly object to the motions for
15 temporary restraining order as coming late and without enough time for them to respond
16 adequately.  The reason the motions for preliminary injunction cannot be heard and
17 decided earlier than January, and therefore the reason Plaintiffs seek a temporary
18 restraining order, is that Plaintiffs chose not to sue one or more appropriate county
19 attorneys in *Arizona Contractors I*.

20       Nevertheless, counsel for the Maricopa County Attorney acknowledged that she
21 has presented what she wants to concerning the motions for temporary restraining order.
22 Therefore, the court decides the motions after considering all the factors.

23       Even applying the general standards for issuance of a temporary restraining order,
24 Plaintiffs' motions are wanting.  As discussed in more detail in today's order in *Arizona*
25 *Contractors I*, the balance of hardships tips sharply against Plaintiffs, not in their favor.
26 Plaintiffs' injury from complying with the law is far less than the harm that a pre-trial
27 declaratory judgment, styled as a temporary restraining order, would impose on others

and on the public interest.  Plaintiffs have not shown a likelihood of success on the merits, much less a strong likelihood.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Temporary Restraining Order (doc. # 4 in No. CV 07-2496) and Plaintiffs' Application for Temporary Restraining Order (doc. # 3 in No. CV 07-2518, now consolidated with No. CV 07-2496) are DENIED.  This order does not dispose of the motions for preliminary injunction, which are set for hearing on January 16, 2007.

DATED this 21st day of December 2007.

Neil V. Wake
United States District Judge

- 5 -