**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARIZONA CONTRACTORS ASSOCIATION, INC., an Arizona non-profit corporation; ARIZONA EMPLOYERS FOR IMMIGRATION REFORM, INC., an Arizona non-profit corporation; CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, a Washington D.C. non-profit corporation; ARIZONA CHAMBER OF COMMERCE, an Arizona non-profit corporation; ARIZONA HISPANIC CHAMBER OF COMMERCE, INC., an Arizona non-profit corporation; ARIZONA FARM BUREAU FEDERATION, an Arizona non-profit corporation; ARIZONA RESTAURANT AND HOSPITALITY ASSOCIATION, an Arizona non-profit corporation; ASSOCIATED MINORITY CONTRACTORS OF AMERICA, an Arizona non-profit limited liability company; ARIZONA ROOFING CONTRACTORS ASSOCIATION, an Arizona non-profit corporation; NATIONAL ROOFING CONTRACTORS' ASSOCIATION, an Illinois not-for-profit corporation; WAKE UP ARIZONA! INC., an Arizona non-profit corporation; and ARIZONA LANDSCAPE CONTRACTORS ASSOCIATION, INC., an Arizona non-profit corporation,<br><br>        Plaintiffs,<br><br>vs. | No. CV07-02496-PHX-NVW (lead)<br>No. CV07-02518-PHX-NVW (member)<br><br>ORDER |

| | |
|---|---|
| 1 | CRISS CANDELARIA, Apache County   ) |
| | Attorney; ED RHEINHEIMER, Cochise  ) |
| 2 | County Attorney; TERENCE C.        ) |
| | HANER, Coconino County Attorney;   ) |
| 3 | DAISY FLORES, Gila County Attorney;) |
| | KENNY ANGLE, Graham County         ) |
| 4 | Attorney; DEREK D. RAPIER, Greenlee) |
| | County Attorney; MARTIN BRANNAN,   ) |
| 5 | LaPaz County Attorney; ANDREW P.   ) |
| | THOMAS, Maricopa County Attorney;  ) |
| 6 | MATTHEW J. SMITH, Mohave County    ) |
| | Attorney; JAMES CURRIER, Navajo    ) |
| 7 | County Attorney; BARBARA           ) |
| | LAWALL, Pima County Attorney;      ) |
| 8 | JAMES P. WALSH, Pinal County       ) |
| | Attorney; GEORGE SILVA, Santa Cruz ) |
| 9 | County Attorney; SHEILA POLK,      ) |
| | Yavapai County Attorney; JON SMITH,) |
| 10 | Yuma County Attorney; TERRY       ) |
| | GODDARD, Attorney General of the   ) |
| 11 | State of Arizona; and FIDELIS V.  ) |
| | GARCIA, Director of the Arizona    ) |
| 12 | Registrar of Contractors,         ) |
| | ) |
| 13 | Defendants.                      ) |
| | _____   ) |
| 14 | VALLE DEL SOL, INC.; CHICANOS     ) |
| | POR LA CAUSA, INC.; and SOMOS     ) |
| 15 | AMERICA,                         ) |
| | ) |
| 16 | Plaintiffs,                      ) |
| | ) |
| 17 | vs.                              ) |
| | ) |
| 18 | ) |
| | TERRY GODDARD, in his official     ) |
| 19 | capacity as Attorney General of the State) |
| | of Arizona; GALE GARRIOTT, in his ) |
| 20 | official capacity as the Director of the) |
| | Arizona Department of Revenue; and ) |
| 21 | ANDREW THOMAS, in his official    ) |
| | capacity as Maricopa County Attorney, ) |
| 22 | ) |
| | Defendants.                       ) |
| 23 | _____   ) |

Before the court is Defendant Thomas' Motion to Strike Plaintiffs' Expert Designation of Marc Rosenblum (doc. # 85) and Objection to Plaintiffs' "Supplementation" of Rosenblum Designation (doc. # 95). The Motion and the Objection will be denied. Prof. Rosenblum's opinions will not be excluded for untimely disclosure,

and other adjustments to the schedule will be permitted to assure that Defendants have minimally fair time to respond to them.

Also before the court is the Stipulation (doc. # 96) of all parties. Paragraph 2, by which Plaintiffs withdraw certain discovery requests concerning Plaintiffs' standing based upon actual or assumed concession of standing, will be accepted, assuming Mr. Hall joins in it. Paragraph 1, which extends all Defendants' time to file a responsive pleading to February 15, 2008, will be rejected. Due to the public importance of these proceedings and the need for a final decision from this court and from the appellate courts as soon as possible, the court contemplates bringing this action to a final judgment with utmost speed. Paragraph 1 of the Stipulation would frustrate that objective.

**I.     Disclosure of Prof. Rosenblum's Opinion Testimony**

At the hearing on December 18, 2007, the parties agreed to a preliminary injunction schedule for further disclosures and briefing for a January 16, 2008 hearing date. The court was concerned that the schedule was too optimistic but accepted it because the parties agreed to it. The major goals in scheduling the preliminary injunction hearing were these:

1. Enough pre-hearing disclosure of contentions and evidence to avoid unfair surprise at the hearing that would prevent adequate response from opposing parties and deprive the court of hearing both sides of fact issues.
2. Adequate opportunity for both sides to make their record for appeal.
3. A sufficient record for the court to resolve important issues that might affect the decision whether to grant a preliminary injunction and to allow a more meaningful appeal.
4. Prompt hearing and decision of Plaintiffs' motions for preliminary injunction, unless the parties agree to a continuance in order to consolidate the hearing with trial on the merits.

- 3 -

In light of the emergency nature of preliminary injunction proceedings, the court did not intend the schedule to have the firmness of a usual pre-trial discovery schedule, certainly not if it resulted in exclusion of evidence thought important to any party and presented with diligence and in good faith.  The court contemplated that adjustments in the schedule, and in the hearing date, might become necessary.  Plaintiffs' late disclosure of Prof. Rosenblum's testimony is justified in the circumstances and warrants adjustment to the agreed schedule.

Defendants also may have additional time to present their responding disclosure. It may be that the legal briefing should be extended, or perhaps done before the full disclosure of Defendants' counter-evidence.  The parties will be directed to confer on adjustment of the schedule, failing which the parties may submit their own proposals for the court's consideration for extending the time for Defendants' disclosure.

A brief adjustment to the preliminary injunction hearing date might be considered as a consequence of Plaintiffs' late disclosure of Prof. Rosenblum's opinions.  The court does not prejudge whether such an adjustment is necessary and would prefer to avoid it. The court is not disposed to any extension beyond a few days or a week unless the parties agree to it.

**II.     A Final Decision on the Merits Will Be Accelerated**

Even if the preliminary injunction hearing proceeds, the benefit to the parties, to the public, and to the court of appeals of a preliminary injunction ruling is less than the benefit of a final decision.  Plaintiffs bear an additional burden for preliminary injunction that they do not bear for a final injunction: showing a balance of hardships in their favor, the necessary strength of which varies with other factors.  On preliminary injunction, incomplete evidence and preparation is usually unavoidable, which risks disadvantaging any party but can be more of a risk to the party with the burdens of proof and persuasion. The speed with which the motion for preliminary injunction is being advanced may disadvantage both sides in making a record of the factual contexts of the legislative

1 purposes they each contend support their positions and which could be helpful to this
2 court and the appellate courts. Though a ruling on preliminary injunction is appealable,
3 the standard of appellate review is deferential in some respects, and such appeals are
4 often discouraged. *See Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750,
5 752–53 (9th Cir. 1982) ("Review of . . . preliminary injunction[s] is . . . much more
6 limited than review of . . . permanent injunction[s]" and therefore "in many cases, appeal
7 of district courts' preliminary injunctions will result in unnecessary delay to the parties
8 and inefficient use of judicial resources."). The standard of appellate review from a final
9 judgment is *de novo* except for findings of fact on disputed evidence. Rule 52(a).

10 For these reasons, the case will be brought on for final decision on the merits as
11 swiftly as possible, even if a preliminary injunction has been granted or denied. The
12 parties may wish to agree to a brief extension of the preliminary injunction hearing so it
13 can be consolidated with a trial on the merits under Rule 65(a)(2). If the parties do not so
14 agree, the court will order a prompt pre-trial schedule under its own authority, after
15 hearing the views of all parties.

16 Paragraph 1 of the Stipulation (doc. # 96) will be denied. If any Defendant files a
17 Rule 12 motion to dismiss, the motion should address why the motion should not be
18 deferred to trial, as permitted in Rule 12(d), and an immediate answer required.

19 IT IS THEREFORE ORDERED THAT:

20 1. Defendant Thomas' Motion to Strike Plaintiffs' Expert Designation of Marc
21 Rosenblum (doc. # 85) and Objection to Plaintiffs' "Supplementation" of Rosenblum
22 Designation (doc. # 95) are denied. The Motion to Expedite Ruling (doc. # 94) is
23 granted.

24 2. Defendants may have additional time to present their disclosure. The
25 parties shall confer on adjustment of the schedule and submit a stipulation if they can
26 agree, failing which the parties shall submit their own proposals for the court's
27 consideration.

28

3. Paragraph 1 of the Stipulation (doc. # 96), which would extend the time for Defendants to file responsive pleadings to February 15, 2008, is denied. For the convenience of counsel, the time for all Defendants to answer is extended to January 11, 2008.

4. Paragraph 2 of the Stipulation (doc. # 96), which withdraws certain discovery requests, is accepted on the assumption that Mr. Hall joins in it. If he does not, he shall inform the court immediately, and this provision of this order will be vacated. The parties shall inform the court immediately whether the Motion for Protective Order Regarding John Doe Members (doc. # 13) is now moot in light of Paragraph 2 of the Stipulation (doc. # 96).

5. The parties shall confer and report to the court by January 11, 2008, an agreed schedule, or separate schedules if they cannot agree, for bringing this case to final trial on the merits as quickly as possible, bearing in mind that evidence presented at the preliminary injunction hearing need not be repeated. Rule 65(a)(2).

6. Due to a scheduling conflict for the Special Proceedings Courtroom, the hearing on Plaintiffs' motions for preliminary injunction is continued to January 16, 2008, at 1:30 p.m. This is a time change only.

7. Plaintiffs' Motion for Expedited Discovery and to Waive Rule 26(d) (doc. # 7) is granted. The parties may proceed expeditiously with appropriate discovery in light of the exigent nature of this case.

DATED this 4th day of January 2008.

_____
Neil V. Wake
United States District Judge